**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BULL MOOSE LOGISTICS, L.L.C.** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **SECTION:** |
| **BLUE HILL SPECIALTY** | * | |
| **INSURANCE COMPANY. INC.** | * | **MAGISTRATE JUDGE:** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**NOTICE OF REMOVAL**</u>

**NOW COMES**, through undersigned counsel, Defendant, Blue Hill Specialty Insurance Company, Inc., ("Blue Hill") who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 29th Judicial District Court for the Parish of St. Charles to the docket of this Honorable Court.

**I.    INTRODUCTION**

This matter involves Plaintiff's claim for insurance benefits and other damages stemming from a vandalism incident (the "Vandalism Claim"), which allegedly damaged Plaintiff's 1999 Peterbilt 357 truck (VIN: 1NPAL90X4XD488569) (the "Truck") on August 28, 2025. *See* Exhibit A. Plaintiff is also seeking insurance benefits and other damages stemming from a separate fire incident (the "Fire Claim"), which allegedly damaged Plaintiff's truck on August 29, 2025. *Id.* On December 11, 2025, Plaintiff, Bull Moose Logistics, LLC, a Louisiana limited liability company, with its principal place of business and domicile in St. Charles Parish, Louisiana, filed its Petition in Cause No. 96742 in the 29th Judicial District Court in and for the Parish of St. Charles, Louisiana. *Id*. Blue Hill was served with the Petition on December 17, 2025. *See* Exhibit B.

In its Petition, Plaintiff alleges that it is entitled to insurance benefits under its Blue Hill commercial auto insurance policy (no. 97679681) (the "Policy") for damages stemming from the

Vandalism Claim and Fire Claim. *See* Exh. A. Plaintiff also alleges that it is entitled to extra contractual damages for Blue Hill's alleged bad faith in failing to timely pay the undisputed amounts owed under Plaintiff's commercial auto policy. *See* Exh. A at ¶¶ 36-37.

Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant. Blue Hill now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the St. Charles Parish state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Parties

The Petition alleges that Plaintiff is a Louisiana limited liability company with its principal place of business and domicile in St. Charles Parish, State of Louisiana. *See* Exh. A at ¶1. Accordingly, Plaintiff derives its citizenship from its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members.").

Per the Louisiana Secretary of State's Business Filings, Bull Moose Logistics LLC has two members: Lee Dufrene and Zack Young. *See* Exhibit C. Upon information and belief, Mr. Dufrene is a Louisiana citizen as his residence on the Louisiana Secretary of State's website is listed as 229 Brule Guillot Road, Thibodaux, Louisiana 70301. *Id.* Upon further information and belief, Mr. Young is a Louisiana citizen as his residence on the Louisiana Secretary of State's website is listed

as 506 Ellington Avenue, Luling, Louisiana 70070, which is also the domicile and mailing address for Bull Moose Logistics LLC. *Id.* Accordingly, Plaintiff, Bull Moose Logistics LLC is a citizen of Louisiana for diversity purposes because its members are citizens of Louisiana.

Blue Hill Specialty Insurance Company is an Illinois corporation which was, at the time this action commenced, and still is, incorporated in Illinois and maintains its principal place of business in Illinois. Accordingly, Blue Hill is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

    **B.**    **The Amount in Controversy Exceeds $75,000.00**

Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff seeks monetary damages under the Policy's coverages for (1) economic damages incurred due to loss of use of the vehicle, including past, present, and future loss of revenue; (2) general, special, and consequential damages; (3) penalties under La. R.S. 22:1892; (4) attorney fees under La. R.S. 22:1892; (5) professional fees and litigation costs; and (6) other damages shown through discovery and/or proven at trial. *See* Exh. A at ¶37.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id.*

To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a

court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014).

Further, attorney's fees must be included in determining the amount in controversy because La. R.S. 22:1892 allows for recovery of attorney's fees and costs. See *Roth v. Inspectorate Am. Corp.*, No. CV 19-876-SDD-SDJ, 2020 WL 5835317, at *3 (M.D. La. Sept. 15, 2020) (quoting *Grant v. Chevron Phillips Chem. Co.*, 309 F. 3d 864, 869 (5th Cir. 2002) ("court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees.").

In this case, Plaintiff alleges that Blue Hill has failed to pay the amounts owed for damage to the Truck within thirty days of receipt of satisfactory proof of loss. *See* Exh. A at ¶17. Plaintiff further alleges that this failure entitles Plaintiff to penalties and attorney's fees. *Id.* at ¶35.

Plaintiff has previously submitted a demand for the Vandalism Claim totaling $15,196.07. *See* Exhibit D. Blue Hill has tendered $9,209.74 to the Plaintiff for the damages to the Truck in connection with the Vandalism Claim. Thus, the amount in dispute owed under the Policy for the Vandalism Claim is $5,986.33.

Furthermore, Plaintiff has previously submitted a demand for the Fire Claim totaling $196,350. *See* Exhibit E. To date, Blue Hill has tendered $67,391.08 to the Plaintiff for the damages to the Truck in connection with the Fire claim. Thus, the amount in dispute owed under the Policy for the Fire Claim is $128,958.92. Therefore, the combination of the amounts claimed by Plaintiff pursuant to the Blue Hill policy with the amount of penalties and attorney's fees exceeds $75,000.00 and satisfies the requirement for the amount in controversy under 28 U.S.C. § 1332(a).

### C. Plaintiff Did Not File A Binding Stipulation Limiting Recovery With The Petition

To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720 (5th Cir. 2002). The Seventh Circuit has held that when, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 35, 356 (7th Cir. 1992) (per curiam), *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire & Cas.,* 06-0560 (E.D.L.A. 06/07/06), 2006 WL 1581272, at *2.

Here, no such binding stipulation and renunciation has been made in the Petition. On January 6, 2026, counsel for Blue Hill asked if Plaintiff would stipulate that the amount in controversy does not exceed $75,000. To date, Plaintiff has not responded to Blue Hill's request. While Blue Hil admits neither liability nor any element of damages, under the rules of *Shell* and *Davis*, Blue Hill has met its burden of showing that that the amount in controversy is in excess of $75,000.00.

### III. VENUE

Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 29th Judicial District Court for the Parish of St. Charles Parish.

### IV. PROCEDURAL REQUIREMENTS

Under the applicable provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Blue Hill has satisfied the procedural requirements for removal and shown (1) that an actual and justiciable

controversy exists between Plaintiff and Defendant with regard to the legal issues herein; (2) this controversy is within the jurisdiction of this Court; and (3) Blue Hill's Notice of Removal was filed within thirty (30) days of December 17, 2025 when Blue Hill was served with Plaintiff's Petition pursuant to 28 U.S.C. §1446(b). Furthermore,

a) Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *See* Exhibit F.

b) Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *See* Exhibit G.

c) Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 29th Judicial District Court for the Parish of St. Charles, Louisiana promptly after filing of same. *See* Exhibit G.

d) Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed to this Notice of Removal.

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Plaintiff's Petition for Damages |
| **B.** | Citation Return |
| **C.** | Louisiana Secretary of State Business Filings for Bull Moose Logistics |
| **D.** | Plaintiff's Demand for the Vandalism Claim |
| **E.** | Plaintiff's Demand for the Fire Claim |
| **F.** | Certified Copy of State Court Record |
| **G.** | Blue Hill's Certificate of Compliance |

WHEREFORE, Defendant, Blue Hill Specialty Insurance Company, prays that this Notice of Removal will be deemed sufficient and that this matter is accepted on this Court's docket.

Respectfully submitted,

*/s/ Meaghan Jeansonne Norris*
SUSAN E. DINNEEN, #30479
MEAGHAN JEANSONNE NORRIS, #38785
**STRAUSS MASSEY DINNEEN LLC**
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:    (504)380-0290
Facsimile:    (504)332-8434
sdinneen@smd-law.com
mnorris@smd-law.com
*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile, or by placing the same in the United States mail, properly addressed and postage pre-paid, this 15th day of January 2026.

*/s/ Meaghan Jeansonne Norris*
MEAGHAN JEANSONNE NORRIS